### HORWITZ et v MURRI

Ohio Appeals, 8th Dist, Cuyahoga Co

No 9622. Decided March 4, 1929

Stanley & Horwitz, Cleveland, for Horwitz, et.

Geo S Myers, Cleveland, for Murri.

LEVINE, J.

The sole question before the court is confined to the question of what is the province of a supplemental petition. Generally speaking the office or province of a supple-

mental petition is to bring to the attention of the court facts which are material to the cause of action of the plaintiff and which facts occurred subsequent to the filing of the original petition. There are not very many cases to be found in Ohio directly bearing upon the point in question. The plaintiff in error cites the case of **Schofield v. Excelsior Oil Co. 60 C.C (NS) 169** which was affirmed by the Supreme Court in **74 OS. 513.** While that case involves in part questions as to the office or function of a supplemental petition, it cannot be said to be exactly like the case at bar.

In the case of **Glenn vs Hoffman, 2 Dec. Reprint 401,** it was held that in an action to foreclose a mortgage for failure to pay interest due on the note secured by the mortgage the plaintiff may, where the note matures pending the action, file a supplementary petition upon leave of court and have a finding of the amount due upon the note and order a foreclosure and sale of the property.

It may well be said that the trial court has discretion in the first instance to permit or not permit the filing of a supplemental petition embracing facts which occurred subsequent to the filing of the original petition but the court having granted such leave and the supplemental petition having been filed with leave of court, such supplemental petition is not, in our opinion, demurrable. It is the policy of the law under our code and of civil procedure to discourage a multiplicity of suits, and since the matter involving the particular transaction upon which the causes of action are founded is already before the court, it is within the sound discretion of the trial court to permit an amendment by way of supplemental petition so as to bring the new causes of action founded upon the notes which matured since the filing of the original petition, to the attention of the court and seeking a determination thereof in one lawsuit.

We are of the opinion that the court committed error in limiting the function or office of a supplemental petition under our code because such construction of the statute is out of harmony with the policy of the State which is to discourage a multiplicity of suits.

Another point raised in the discussions of counsel, dealt with the question of the sufficiency of the petition in that it does not disclose upon its face either by reading of the note or by any allegation of the petition that the plaintiffs in error had any right or title to the note. In **Sargent v. Railroad Co, 32 OS. 449,** this point was settled by the Supreme Court.

The petition is in short form and alleges that there is due plaintiffs from the defendants etc. This allegation by force of settled law in Ohio is sufficient to imply title to the notes in the plaintiffs.

Holding as we do the judgment of the Common Pleas court will therefore be reversed and the cause remanded with instructions to overrule the demurrer.

Vickery, PJ and Sullivan, J, concur.