ALLAMAN et, Plaintiffs-Appellees, v. SLOTHOWER,
Defendant-Appellant.

Ohio Appeals, Second District, Montgomery County.

No. 2042. Decided November 30, 1950.

Ernest L. Greene, Dayton, for plaintiff-appellee.
John J. Hoover, Dayton, for defendant-appellant.

## OPINION

Per CURIAM.

This is an appeal on questions of law from the judgment
of the Common Pleas Court affirming a judgment of the Mu-
nicipal Court of the City of Dayton granting a writ of restitu-
tion to **plaintiff** for premises as prayed in the first cause of
action and entering judgment for **plaintiff** against the de-
fendant in the sum of $83.84 on the second cause of action
and statement of claim.

Eight errors are assigned, which we will state as we dis-
cuss them. The first and second errors assigned are that
the three-day notice to vacate was signed "R. F. Allaman,"
using his initials only and not his Christian name. There is
an early case in Ohio, **Herf & Co. v. Peter Schulze, et al., 10
Ohio 263**, which supports the contention that in actions on
certain written instruments the cause must proceed in the
Christian name and not by initials only. However, the ques-
tion was raised in this case before trial had. Here it is urged

only after the defendant had answered and gone to trial. Assuming, but not conceding, that the action should have been instituted in the Christian name of plaintiff, R. F. Allaman, no prejudicial error resulted thereby. It may be of interest to note that the Herf case, as to the proposition here under consideration, has not been cited in any reported case in Ohio since its decision.

The third assignment is that the amount of the judgment is too large and contrary to §11281 GC. The statement of claim is dated June 24, 1948. The prayer of the petition was for judgment for $1.67 per day for rent and use and occupancy from June 1, 1948 until vacated. The amended statement of claim prayed for $66.04. No other or further statement was filed, but the judgment was entered for $83.84. Manifestly this judgment included rental due up to the date of trial. There is no authority for a prayer such as set forth in the statement of claim. Although it amounts to very little difference, the rental contract was not for $1.67 per day, but for $50.00 per month. $1.67 per day would be correct for a 30-day month, but it would be too much for a 31-day month. If rental from the date the petition was filed to the date of trial was to be included in the judgment plaintiff should have filed a supplemental statement of claim. In 31 O. Jur. 539, it is said:

"Pleadings, unless supplemental, and averring matters arising since the commencement of the suit, * * * relate to the time of the filing of the petition; in ordinary cases there is nothing that authorizes pleading of facts that will not exist in the future."

Citing Cozart v. Cozart, 22 O. N. P. N. S. 483.

"The rights of parties as they exist at the commencement of an action should prevail unless a subsequent change in those rights be shown by supplemental petition."

Lake Shore & M. S. R. Co. v. Hutchins, 37 Oh St 282. See also Horwitz v. Murri, 7 Abs 268. It is a rule generally that a party cannot put in issue rights acquired pendente lite unless he files a supplemental petition. 41 Am. Jur. 475; Yeager v. Yeager (Cal.) 166 A. L. R. 664.

Upon the statement of the pleadings the only judgment that could be rendered in this case was for the amount due as of the date of the filing of the amended statement of claim.

The fourth assignment of error is that there was no notice of the filing of the amended statement of claim served upon the defendant, and the fifth is that no summons was issued on the amended statement of claim. The defendant did not take advantage of these irregularities in a timely manner, but

proceeded to trial without objection. The answer which had been filed to the original statement of claim was not reached because the defendant did not appear. Of course, an answer is not required in a forcible detention suit. Full defense can be made without it.

The sixth assignment of error is that the court granted a continuance to plaintiff's attorney for more than eight days without bond, exceeding the time set forth by the Code. This, too, is urged too late.

The seventh assignment of error is that the defendant was deprived of his day in court by a surprise move. The cause came on for trial. Counsel for defendant protested that he was not ready to proceed. Plaintiff offered testimony to the effect that counsel had been notified of the date of the hearing four days before said date. Although there was some discussion respecting this matter no evidence was forthcoming to dispute the proof. The trial judge required the defendant's counsel to proceed and this was done in the absence of defendant. The action of the trial judge was clearly within his discretion. The trial began about two o'clock p. m. and continued until a few minutes after four, at which time plaintiff rested. Defendant's counsel then requested the opportunity to call his client. This was denied and the trial judge immediately announced his finding. The appropriateness of this action is not so plain. Manifestly had the defendant been present in court the trial would not have proceeded until the next morning. It would have been appropriate to say to counsel that if the defendant were in court at the opening session on the following day he would be permitted to make his defense. However, the prejudice to the defendant by the action of the court does not appear because there is no statement or affidavit in the record that he would have taken advantage of the opportunity to appear had it been accorded to him.

The other assignments of error are directed to such as appear upon the face of the record. One only is found. The action at all times is styled "R. F. Allaman and Marjorie Allaman, Plaintiffs, v. R. S. Slothower, Defendant." The testimony, though not clear on the matter, tends to prove that R. F. Allaman was the tenant from whom the defendant rented the premises. In any event, as against the defendant, R. F. Allaman was entitled to possession. However, in the separate findings of law and fact mention is made of claim of plaintiff only and the judgment is entered for plaintiff without distinction. In this situation it is impossible to tell from the journal entry to which plaintiff reference is made in the judgment. It should be amplified.

The order of this Court will be that the judgment of the Municipal Court be modified by naming the plaintiff, R. F. Allaman, following the words "plaintiffs or plaintiff" wherever they occur in the entry; that if plaintiff, R. F. Allaman, will enter a remittitur of all of the amount of the judgment above the sum which is due on rental from the date of default to the date the amended statement of claim is filed the judgment will be affirmed. Otherwise the cause will be remanded for a new trial. No other assignments of error are well made.

MILLER, PJ, HORNBECK and WISEMAN, JJ. concur.